**UNITED STATES of America,**

v.

**Alvin Winfield MORRISON, Defendant.**

**81 Cr. 0010 (KTD).**

United States District Court,
S. D. New York.

June 22, 1981.

John S. Martin, Jr., U. S. Atty., S. D. of New York, New York City, for the United States of America; Paul Shechtman, Asst. U. S. Atty., of counsel.

Caesar D. Cirigliano, Federal Defender Services Unit, The Legal Aid Society, New York City, for defendant; David Gordon, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

The defendant Alvin Winfield Morrison is charged in a one count indictment filed on January 8, 1981 with assaulting an employee of the Federal Bureau of Prisons at the Metropolitan Correction Center on July 24, 1980. Apparently, Morrison was an inmate of the MCC on the latter date. The alleged incident occurred in a portion of the MCC called 11 South which was populated only by prison employees and inmates.

The defendant requested from the government a list of inmates incarcerated in 11 South on the date of the alleged incident. The Bureau of Prisons had such a list but it was destroyed sometime in late August, 1980. Evidently, it is the Bureau of Prisons' practice to destroy inmate lists within 30 days.

The defendant now moves to dismiss the indictment. The government belatedly has produced two lists of inmates, neither of which refer to the date of the incident. The defense has also been able to come up with a list of inmates who had visitors on the date in question, but that list indicates only a small portion of the prisoners on 11 South on the day in question.

It was the government's choice not to obtain the indictment for over six months after the alleged crime. During that time, the government did not interview any inmates who may have seen the incident. The investigation which was completed by August 26, 1980, concentrated solely on those Bureau of Prisons employees who were on 11 South on July 24, 1980. When the list of inmates was destroyed sometime at the end of August, the government knew or should have known of its importance. It was obvious that the identity of all eyewitnesses whom the defendant might wish to call was contained on the list. By waiting six months to bring the indictment and by not making a point of preserving the July 24, 1980 inmate list, the government has made it impossible for the defendant to locate certain potential witnesses on his behalf.

From the two lists provided by the government and a visitor's list obtained by defense counsel, the defendant has been able to ascertain the names of twenty-eight inmates who were definitely on 11 South on the day in question. The others named on these lists may or may not have been on 11 South that day. The government has been making efforts to determine the present location of those named on the available lists so that the defense counsel can contact them. Despite these efforts, however, there remains a strong possibility that there were other inmates who witnessed the assault but who are not named on the lists now available. The defense counsel represents that one such witness has been found whose testimony may prove beneficial to

the defense. Undoubtedly there are other witnesses who would provide exculpatory testimony but whose whereabouts will never be known from available information.[1]

When pre-indictment delay caused by the government's unjustifiable misconduct results in actual prejudice to the defendant's right to a fair trial, the indictment must be dismissed. *See United States v. Elsbery*, 602 F.2d 1054 (2d Cir. 1979), *cert. denied*, 444 U.S. 950, 100 S.Ct. 529, 62 L.Ed.2d 425 (1980). Through the government's gross negligence, the defendant has been deprived of the opportunity to interview witnesses who very possibly have exculpatory testimony to offer. An accused has a fundamental right to present his own witnesses to establish a defense. *United States v. Mendez-Rodriguez*, 450 F.2d 1 (9th Cir. 1971).

While I am loathe to dismiss an indictment for the gross negligence of the government, the clear prejudice to the defendant here requires it. *Cf. United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). Accordingly, the indictment is dismissed.

SO ORDERED.

---

[1] The government argues that no prejudice to the defendant could derive from these circumstances because the defense has two witnesses and any additional witnesses would merely provide cumulative evidence. In view of the fact that the government already has five Bureau of Prison employees as potential witnesses, the defendant's search for additional witnesses is justified.